UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KELSIE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:23-cv-353-TAV-DCP |
| | ) |
| WILDERNESS DEVELOPMENT | ) |
| CORPORATION, d/b/a SOAKY | ) |
| MOUNTAIN WATER PARK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff's second amended motion for extension of time to respond to defendant's amended motion for summary judgment [Doc. 27] and plaintiff's motion to continue trial date and extend discovery deadlines [Doc. 28]. Defendant responded in opposition [Doc. 29, 30] and plaintiff did not reply. Accordingly, this matter is ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained below, plaintiff's motion for an extension of time [Doc. 27] is **GRANTED**, and her motion to continue trial [Doc. 28] is likewise **GRANTED**.

### I. Background

Defendant removed this civil action from Sevier County Circuit Court on September 28, 2023 [Doc. 1]. Plaintiff brings claims of negligence and premises liability against defendant after she was injured on the "Hang 10essee – Flowrider attraction" at the Soaky Mountain Waterpark (the "Waterpark") [Doc. 1-1, p. 2].

Defendant filed a motion for summary judgment on January 29, 2024 [Doc. 12], arguing that plaintiff signed a waiver agreement before participating in the recreational activity that caused her injuries at the Waterpark. Plaintiff responded in opposition [Doc. 14], arguing that she believed that she signed the waiver only on behalf of her minor child but not for herself.

Defendant then filed is amended motion on March 25, 2024 [Doc. 16]. Plaintiff filed a motion for an extension of time to respond so she could "conduct necessary discovery" regarding statements made in an affidavit that defendant filed in support of the Amended Motion [Doc. 17]. The Court denied plaintiff's motion [Doc. 19], noting that plaintiff had not specified any timeframe for a requested extension and did not formally move for relief pursuant to Federal Rule of Civil Procedure 56(d). Plaintiff then filed another motion [Doc. 22], asking for an extension of time to respond to defendant's motion. Defendant responded in opposition [Doc. 23], and the Court denied plaintiff's motion, as it did not comply with Rule 56(d)'s substantive requirements [Doc. 24].

Plaintiff now files the instant motion—a third attempt in asking for an extension of time to respond to defendant's motion for summary judgment. The first nine paragraphs of the instant motion are identical to plaintiff's previous filing on which the Court already ruled [*Compare* Doc. 20, pp. 1–3, *with* Doc. 27, pp. 1–3]; therefore, the Court will direct its attention primarily to paragraphs 10 through 14. [Doc. 27, pp. 3–6].

## II.     Standard of Review

When a party files a motion for summary judgment, Rule 56(d) allows the non-moving party to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ."  Fed. R. Civ. P. 56(d).  If the moving party makes this showing, then "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  *Id.*  The purpose of Rule 56(d) is "to ensure that plaintiffs receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment."  *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (internal quotation marks omitted).

## III.    Analysis

### A.     Procedural and Substantive Requirements

A party moving for relief pursuant to Rule 56(d) must satisfy both procedural and substantive requirements.  Procedurally, the moving party must file an affidavit or declaration in support of its request.  Fed. R. Civ. P. 56(d).  Here, plaintiff has satisfied this requirement by filing the declaration of her counsel [Docs. 16, 22-1, 27-1].  Additionally, plaintiff has filed an affidavit of Kelsie Davis [Doc. 27-2].

Substantively, the moving party must make her request with "some precision" and must state "the materials [s]he hopes to obtain with further discovery[] and exactly how [s]he expects those materials would help h[er] in opposing summary judgment."  *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (internal quotation marks omitted).  Specifically,

3

a party making a filing under Rule 56(d) must "indicate to the district court [her] need for discovery, what material facts [she] hopes to uncover, and why [she] has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Bare allegations or vague assertions of the need for additional time for discovery are not enough. *United States v. Cantrell*, 92 F. Supp. 2d 704, 717 (S.D. Ohio 2000).

At issue in the pending summary judgment motion is whether plaintiff knowingly and voluntarily executed a waiver and release on behalf of herself or her minor child on the day she was injured at the Waterpark [Doc. 27, p. 1].

Plaintiff maintains that she lacks sufficient information to oppose the amended motion and challenge Mark Overton's affidavit. By way of Kelsie Davis's affidavit, plaintiff argues that it requires additional time to explore five[1] specific discovery questions, including Soaky Mountain's record-keeping protocols, the existence of photographic or video evidence confirming plaintiff's execution of the liability waiver, and the frequency of patron injuries on the Hang 10essee Attraction [Doc. 27, p. 4]. As a result, she maintains "it will be necessary . . . to depose Mr. Overton in order to access his knowledge regarding the waiver process, the electronic records generated therefrom, and the accuracy and reliability of [d]efendant's recordkeeping" [Doc. 27, p. 2].

Defendant argues that the law of the case doctrine bars plaintiff from relitigating her request for an extension of time [Doc. 29, pp. 5–8]. Additionally, defendant argues that

---

[1] Plaintiff's sixth enumerated discovery issue is not a question, but rather a statement of law that is not related to her instant request for an extension of time.

4

plaintiff has been afforded numerous opportunities and sufficient time to prepare her opposition to defendant's motion for summary judgment [Doc. 29, p. 8].

While the Court agrees that plaintiff has failed to sufficiently explain "why [she] has not previously discovered the information," the specific discovery questions sought satisfy the substantive requirement of Fed. R. Civ. P. 56(d) insofar as they "indicate to the district court [her] need for discovery [and] what material facts [she] hopes to uncover." *Cacevic*, 226 F.3d at 488.

Unlike her first motion for an extension of time [Doc. 22], plaintiff also now addresses the five *Plott* factors that must be met in order for this court to grant her motion for relief. *See Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190 (6th Cir. 1995). The Sixth Circuit has set forth five factors that courts should consider in deciding Rule 56(d) motions. *Id.* at 1196–97. Those factors are:

> (1) when the [moving party] learned of the issue that is the subject of the desired discovery[]; (2) whether the desired discovery would have changed the ruling below[]; (3) how long the discovery period had lasted[]; (4) whether the [moving party] was dilatory in its discovery efforts[]; and (5) whether the [nonmovant] was responsive to discovery requests[.]

*Id.* The Court is to consider and weigh each of these factors in its determination. *See Lookout Mountain Suites, LLC v. Pinkston*, No. 1:18-CV-311, 2021 WL 722732, at *4 (E.D. Tenn. Feb. 24, 2021).

Considering the factors in turn, plaintiff asserts that she only became aware of the issue sought in desired discovery upon the filing of defendant's amended motion for summary judgment [*see* Doc. 16] filed on March 25, 2024. As defendant notes, discovery

5

in this case was set to close on August 5, 2024 [Doc. 29, p. 6]. 133 days elapsed between the time plaintiff claims it was put on notice and discovery was set to close, which strikes the Court as sufficient time to schedule and obtain a single deposition.

Next, as to whether the desired discovery would change the case's ruling, the Court agrees with plaintiff that proof of the plaintiff's lack of knowledge of her execution of the liability waiver in question could bear on the Court's resolution of the pending summary judgment motion [Doc. 27, p. 5].

Third, discovery opened in this case on October 20, 2023, per the Court's Scheduling Order [*see* Doc. 9]—more than adequate time has passed during which plaintiff could obtain a single deposition.

Plaintiff's explanation for prong four is unpersuasive because, per the analysis of prong one *supra*, plaintiff's failure to depose Mark Overton between defendant's filing of its amended motion for summary judgment and the close of discovery appears dilatory. Even accepting plaintiff's claim that it was not put on notice of the need for this deposition until March 25, 2024 [Doc. 27, p. 6], this does not explain the failure to obtain the deposition following that date.

Finally, as to whether the opposing party is responsive to plaintiff's request, plaintiff has repeatedly asserted that defendant has not replied to its discovery requests, including a request to schedule its deposition of Mark Overton on May 1, 2024 [Doc. 27, p. 6]. Defendant does not rebut plaintiff's allegation of defendant's non-responsiveness [*see* Doc.

6

29]. Additionally, defendant has not produced evidence of its efforts to cooperate by scheduling a deposition of Mark Overton [*Id.*].

Weighing each of these factors (*see Lookout Mountain Suites*, 2021 WL 722732, at *4), the Court finds that the second and fifth prongs favor the plaintiff while the first, third, and fourth prongs favor the defendant. Given that plaintiff satisfied Rule 56(d)'s procedural and substantive requirements and has established some *Plott* factors in her favor, the Court will "allow time to . . . take discovery" pursuant to Fed. R. Civ. P. 56(d)(2).

Accordingly, the Court will grant plaintiff's motion for an extension of time; however, the Court will only permit plaintiff **30 days** for the purpose of deposing Mark Overton as requested in plaintiff's motion [Doc. 27, p.1]. Plaintiff's response to defendant's motion for summary judgment shall be filed with the Court no later than **21 days** after the date of its deposition of Mark Overton. To accommodate this extension of time, plaintiff's motion to continue [Doc. 28] will likewise be **GRANTED**.

IV. Conclusion

For the reasons explained above, plaintiff's motion for an extension of time [Doc. 27] is **GRANTED**, and her motion to continue trial [Doc. 28] is **GRANTED**. The Court will permit plaintiff **30 days** to depose Mark Overton as requested in plaintiff's motion [Doc. 27, p.1]. Plaintiff's response to defendant's motion for summary judgment shall be filed with the Court no later than **21 days** after the deposition of Mark Overton. In light of the Court's accommodation of plaintiff's second amended motion for an extension, the trial previously scheduled for December 3, 2024, is **CANCELLED** and is **RESCHEDULED**

for **May 6, 2025, at 9:00 a.m.** The final pretrial conference, previously scheduled for November 26, 2024, is **CANCELLED** and **RESCHEDULED** for **Wednesday, April 30, 2025, at 2:30 p.m.** All unexpired scheduling deadlines as of the date of the filing of the Motion [Doc. 27] **SHALL** be applied as calculated from the new trial date and according to the same time limitations set forth in the Court's Scheduling Order [Doc. 9].

**The parties are cautioned that, absent extraordinary circumstances, no further continuances or extensions will be granted.**

IT IS SO ORDERED.

                                   s/ Thomas A. Varlan
                                   UNITED STATES DISTRICT JUDGE

8

Case 3:23-cv-00353-TAV-DCP   Document 31   Filed 08/29/24   Page 8 of 8   PageID #: 211